IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT LEE JOHNSON and
LISA LAMB,

    Defendants.

Case No. 08-CR-30217-MJR

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    A federal grand jury has indicted Defendant Lisa Lamb twice in this case. The original indictment of October 22, 2008, charged Lamb with obstruction of justice, *see* **18 U.S.C. § 1512(c)(1) (2006)**, for allegedly attempting to destroy cocaine base that would have been used as evidence against her co-defendant Scott Lee Johnson. (Doc. 12.) The superceding indictment of August 19, 2009, issued more than thirty days before the trial date of September 28, additionally charges her with aiding and abetting a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. 79.) She has now moved to sever her trial from Johnson's. (Doc. 99.) Because she has failed to demonstrate actual prejudice that would result from being tried with Johnson, the Court will deny her motion.

If the joinder of defendants appears to prejudice a particular defendant, the court may grant a severance of the defendant's trial from the other defendants. **Fed. R. Crim. P. 14(a).** Determining prejudice and the remedy of severance is within a court's sound discretion. ***Zafiro v. United States*, 506 U.S. 534, 541 (1993).** Outside the Court's discretion is denying a severance when the defendant will experience "'actual prejudice'—that is, the defendant must show that she could not possibly have a fair trial without a severance." ***United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990) (citing *United States v. Briscoe*, 896 F.2d 1476, 1516 (7th Cir. 1990); *United States v. Peters*, 791 F.2d 1270, 1300 (7th Cir. 1986)).**

Lamb has several hurdles to defeat, however, to get to actual prejudice in her case. First, "[t]here is a preference in the federal system for joint trial of defendants who are indicted together." ***Zafiro*, 506 U.S. at 537;** *see **United States v. Schweihs*, 971 F.2d 1302, 1321 (7th Cir. 1992).** Additionally, alleged co-conspirators that are indicted together are presumed to be appropriately tried together. ***United States v. Smith*, 995 F.2d 662, 670 (7th Cir. 1993) (citing *Caliendo*, 910 F.2d at 438).** The reason for the presumption is that a joint trial of co-conspirators reduces the resources expended by the court and the prosecution, limits the inconvenience to witnesses who would have to be present at two trials instead of one, avoids delaying bringing criminal defendants to trial, and allows the whole story to be presented to a single jury, increasing the likelihood of a correct verdict. ***Caliendo*, 910 F.2d at 438 (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987)).** Not only does Lamb fall under the initial preference for a joint trial for being indicted with Johnson, she is also presumed to be appropriately tried in a joint trial due to the charge of conspiracy. Nevertheless, "the presumption in favor of joint trials may not overshadow the need to ensure that each defendant receives a fair trial." ***Id.* (citing *Peters*, 791 F.2d**

**at 1302).** If Lamb can show actual prejudice if she is tried without a severance, the Court will order a separate trial.

Many circumstances can cause actual prejudice to be present such that a court should order a severance. *See United States v. Oglesby*, **764 F.2d 1273, 1276 (7th Cir. 1985) (noting some examples of prejudicial joinder, such as antagonistic defenses, complex evidence making it impossible for the jury to separate evidence as to each defendant, "a co-defendant's statement inculpating the moving defendant," or "gross disparity in the weight of evidence against the defendants").** Lamb attempts to argue one of them. Her particular argument is that there is a disparity in the evidence that may cause a "spill-over" effect such that the petit jury will use the evidence intended for Johnson against her as well. The "spill-over" argument that Lamb presents is the same argument that the co-conspirator gave in *United States v. Caliendo*. **910 F.2d at 438.** The Seventh Circuit did not like that argument: "[A] simple 'disparity in the evidence' will not suffice to support a motion for severance—i.e., it does not independently establish 'actual prejudice.'" *Id.* **(citing *United States v. Moya–Gomez*, 860 F.2d 706, 754 (7th Cir. 1988)).** An instruction to "give separate, personal consideration to the case of each individual defendant and to the separate charge against him or her" is effective enough to counteract any prejudice in this regard. *Id.*; *see also id.* **("Absent a showing to the contrary, jurors are presumed capable of adhering to the mandate of th[e] instruction." (citing *Briscoe*, 896 F.2d at 1517–18)).** While this instruction is typically given at the close of the case, the court invites counsel to request it, or another appropriate instruction, to be given contemporaneously with testimony that applies solely to defendant Johnson. The Court opts to take the jury instruction approach instead of increasing the already considerable strain on the judicial system by unnecessarily severing trials.

As Lamb offers no other reason for severance other than ones that the Seventh Circuit has foreclosed by on-point decisions, the Court finds her interest in a severance slim in comparison to the interests of the judicial system. The Court **DENIES** Lamb's motion to sever (Doc. 99).

The case remains set for jury selection Monday, September 28, 2009 at 9 a.m. with opening statements and presentation of evidence commencing Monday, October 5, 2009 at 9 a.m.

IT IS SO ORDERED.

DATED this 24th day of September, 2009.

                                                    s/ Michael J. Reagan
                                                  Michael J. Reagan
                                                  United States District Judge